IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATHAN M. PETZOLD )
) No. 17-43
)
v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for social security disability benefits and supplemental security income benefits, due to various impairments including anxiety, panic disorder, agoraphobia, and depression. Plaintiff's application was denied initially, and then denied following a hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. The parties' Cross-Motions for Summary Judgment are now before the Court. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings.

### OPINION

#### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

Plaintiff challenges two aspects of the ALJ's decision: 1) failing to afford sufficient weight to the opinion of Dr. Yohe, a treating psychiatrist, and affording too much weight to the opinion

2

of Dr. Santilli, a non-examining consultant; and 2) failing to properly consider his allegations of debilitating anxiety.

I first address Plaintiff's contention that the ALJ failed to properly consider the applicable Paragraph C criteria for Listing 12.06, which related to whether anxiety-related symptoms result in a complete inability to function independently outside the home.[1] The ALJ stated that he considered Listings 12.04, 12.06, and 12.08. When discussing the Paragraph C criteria, however, he referred only to the Paragraph C criteria for Listing 12.04.[2]

To support his finding that Plaintiff did not meet Paragraph C criteria, the ALJ stated that Plaintiff lived with a housemate, could prepare meals, do a little housework, grocery shop and drive. The ALJ cited to Plaintiff's function report and to his testimony. On his function report, Plaintiff reported that he goes outside "as little as possible once a week for doctor," indicated that he cannot go out alone when he goes out, and checked "drive a car" and "ride in a car" in response to "When going out, how do you travel?" He also indicated that he shops once a month to pick up medications, which takes about ten minutes. At the hearing, Plaintiff testified that he doesn't leave the house except to go to the doctor's and to attend appointments such as the hearing. He stated that having to leave his house aggravates his conditions. In the month prior to the hearing, Plaintiff testified that he left his house either five or six times, to attend medical appointments and one appointment with his attorney. He testified that he does a minimal amount of grocery shopping, that "we" try to go once a month on Sunday mornings when nobody is in the store. He stays in the house, rather than do yard or garden work. It is certainly possible that the ALJ determined that this evidence does not reflect a "complete inability to function

---

[1] The Listings have been revised. In this Opinion, I refer in the present tense to the Listings as applied by the ALJ at the time; I do not opine regarding whether the new or revised Listing should apply.
[2] Listing 12.08 contains no Paragraph C criteria.

independently outside the area of one's home," as in Listing 12.06. Because the evidence cited does not patently support such a finding -- although Plaintiff occasionally leaves his home, for example, it is not apparent that he does so independently; housework, meal preparation, and a housemate do not bear on the ability to function outside the home -- and it is unclear that the ALJ in fact made such a finding, meaningful review is not possible. Remand is warranted for further consideration or explanation of Paragraph C of Listing 12.06.

Plaintiff also complains that the ALJ failed to properly consider the opinion of his treating psychiatrist, Dr. Yohe. An ALJ may only outrightly reject a treating physician's assessment based on contradictory medical evidence, not due to his or her own credibility judgments, speculation or lay opinion. See Morales v. Apfel, 225 F.3d 310, 318 (3d Cir. 2000). In determining the weight to be afforded a treating physician's opinion, the ALJ looks to factors such as the length of the treatment relationship, the physician's specialization, and the consistency and supportability of the opinion. 20 C.F.R. § 404.1527. An ALJ is entitled to reject a treating physician's opinion if it is inconsistent with treatment notes, but he must "point to specific evidence," and not "merely conclude that the records are inconsistent." Smith v. Colvin, No. 14-02082, 2016 U.S. Dist. LEXIS 110972, at *24 (E.D. Cal. Aug. 19, 2016). Otherwise, a reviewing court cannot determine whether "significant probative evidence was not credited or if it was simply ignored." Jopson v. Astrue, 517 F.Supp. 2d 689, 702 (D. Del. 2007).

> While disability opinions are reserved for the Commissioner, reasons for rejecting a treating doctor's opinion on the ultimate issue of disability are comparable to those required for rejecting a treating physician's medical opinions. … "If the treating physician's opinion on the issue of disability is controverted, the ALJ must still provide 'specific and legitimate' reasons in order to reject the treating physician's opinion….

Lohmeier v. Colvin, No. 14-02247, 2016 U.S. Dist. LEXIS 27268, at *39 (D. Ariz. Mar. 2, 2016) (citations omitted).

4

Here, Dr. Yohe's medical source statement, dated June 23, 2015, indicates moderate to extreme limitations in all areas, except slight limitations in understanding, remembering, and carrying out simple job instructions.  Dr. Yohe opined that Plaintiff is not capable of sustaining competitive work activity.  The ALJ afforded Dr. Yohe's opinion "little weight," finding it "not consistent with the medical evidence of record and his own mental status examinations."  The ALJ also stated  that Dr. Yohe was not familiar with the program and evidentiary requirements..

As support for this finding, the ALJ noted that Plaintiff's mental status examinations were "essentially normal," and that Plaintiff experienced "some" improvement with medication and therapy.  In addition, the entirety of the mental status examinations appearing in Dr. Yohe's treatment notes do not reflect normal findings.  For example, on 12/11/13, Dr. Yohe's mental status examination stated that Defendant's mood and affect were "anxious, affect blunted."  On 1/13/15, Dr. Yohe noted that speech was outside normal limits, and mood and affect were "anxious, depressed, affect flat"; on 2/24/15, Dr. Yohe noted that speech, judgment, and insight were outside normal limits, and mood and affect were "anxious, affect blunted."  On 4/28/15, Dr. Yohe's mental status examination noted mood and affect as "anxious/depressed, affect flat."  The ALJ does not mention or refer to these abnormal findings, concluding that the examinations were "essentially normal."   In the context of a physician who treated Plaintiff for two years, and whose treatment notes and record as a whole are potentially consistent with his opinion, the ALJ's analysis is not ideal.  The ALJ's approach to Dr. Yohe would not, in itself, constitute grounds for remand.  Nevertheless, because this matter will be remanded on other grounds, the ALJ should take the opportunity to further explain the weight assigned to Dr. Yohe's opinion.

As a final matter, I find no error in the ALJ's treatment of Dr. Santilli's opinion. Although Plaintiff complains that Dr. Santilli did not have updated medical records on which to rest her opinion, the ALJ had and explicitly considered those records. This is sufficient.

## CONCLUSION

In conclusion, this matter will be remanded for further proceedings. On remand, the ALJ should explain, or consider in the first instance, Listing 12.06 and Dr. Yohe's opinion. An appropriate Order follows.

Dated: 2/22/18							BY THE COURT:

							*/s/ Donetta W. Ambrose*
							_____

							Donetta W. Ambrose

							Senior Judge, U.S. District Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATHAN M. PETZOLD )
)  No. 17-43
)
    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

## ORDER

AND NOW, this 22nd day of February, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED, and this matter is remanded for further proceedings.

BY THE COURT:

_Donetta F. Ambrose_

Donetta W. Ambrose

Senior Judge, U.S. District Court